```
UNITED STATES DISTRICT COURT                                                C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
HISHAM A. KAHALEEL,                                         :
                                                            :
                          Plaintiff,                        :
                                                            :    **MEMORANDUM**
                 - against -                                :    **DECISION AND ORDER**
                                                            :
                                                            :    19-cv-290 (BMC) (VMS)
LIDGETTE VANREIL, formerly known                            :
as, LIDGETTE C. ELLIOT, CIVIL COURT OF                      :
THE CITY OF NEW YORK/KINGS COUNTY                           :
HOUSING COURT, THE NYPD BROOKLYN                            :
LOCAL 71ST PCT, THE NYCTA/MTA, THE                          :
NYSDHR, BROOKLYN OFFICE, CROWN                              :
HEIGHTS REALTY CORP., UNITED                                :
MANAGEMENT INC., LEGAL AID                                  :
SOCIETY, BROOKLYN LEGAL AID; 1040                           :
CARROLL STREET HDFC INC., MANAS                             :
PROPERTY GROUP INC., NYS SUPREME                            :
COURT OF KINGS COUNTY, THE                                  :
APPELLATE TERM OF THE NYS SUPREME                           :
COURT OF KINGS COUNTY  2ND, 9TH,                            :
10TH, 11TH, 13TH DISTRICTS,                                 :
                                                            :
                          Defendants.                       :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action for violation of his civil rights in connection with eviction and holdover proceedings in New York state court and related events. Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons stated below, his complaint is dismissed, but he is granted leave to file an amended complaint as to some of the claims within twenty days after the entry of this order.

## SUMMARY OF COMPLAINT

Defendant Lidgette Vanreil was renting her apartment – which is managed by defendant Manas Property Group, Inc and owned by defendant 1040 Carroll Street HDFC, Inc. – to

plaintiff, who decided to "start [a] new life with another woman to have children with rather than her (Ms. Vanreil)." Vanreil then initiated at least two holdover and eviction proceedings against plaintiff in Kings County Housing Court, which denied plaintiff's attempts to dismiss the proceedings.

Plaintiff attempted to rent a separate apartment, yet Vanreil's employer – defendant Crown Heights Realty Corp. and its "fiduciary," defendant United Management Inc. – rented this apartment to a female tenant instead. Vanreil informed defendant Brooklyn Legal Aid Society that her employer rejected plaintiff's application for this apartment.

Three days later, nine NYPD officers arrested plaintiff without a warrant as a result of a purported conspiracy involving Vanreil. Two months later, plaintiff filed a housing discrimination complaint with the defendant New York State Division of Human Rights (the "NYSDHR"). One month later, plaintiff's employer, defendant Metropolitan Transit Authority (the "MTA")/New York City Transit Authority (the "NYCTA"),[1] fired plaintiff.

Plaintiff brings this action seeking over $6 million under 42 U.S.C. § 1983 and citing Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). He names as defendants Vanreil, the Kings County Housing Court, the NYPD Brooklyn Local 71st Precinct, the NYCTA/MTA, the NYSDHR, Crown Heights Realty Corp., United Management Inc., the Legal Aid Society, Brooklyn Legal Aid, 1040 Carroll Street HDFC, Inc., Manas Property Group, Inc., the New York State Supreme Court of Kings County, and the Appellate Term of the New York State Supreme Court, Kings County.

---

[1] The NYCTA is part of the MTA.

# DISCUSSION

## A. Standard of Review

Under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Yet a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court should grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Federal district courts may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allanattah Servs., Inc., 545 U.S. 546, 552 (2005). A court may raise the absence of subject matter jurisdiction *sua sponte*. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

## B. Bivens Claims

Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), permits recovery against some federal employees for some constitutional violations. To state a Bivens claim, a plaintiff must "allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). Plaintiff has named no

federal defendants and therefore any claims he has attempted to state under Bivens are dismissed.

   C.   **Section 1983 Claims Against Non-Governmental Defendants**

To state a claim under Section 1983, the plaintiff "must show that the alleged deprivation [of a right] was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 "does not reach purely private conduct …." District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). "[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983." Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000). A plaintiff may "state a claim against a private entity on a section 1983 conspiracy theory" if the plaintiff "allege[s] facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted).

Plaintiff has not alleged facts showing that Crown Heights Realty Corp., United Management Inc., 1040 Carroll Street HDFC, Inc., the Legal Aid Society, Brooklyn Legal Aid, or Manas Property Group, Inc. acted under color of state law to deprive him of his rights. Thus, the Section 1983 claims against these defendants are dismissed.

Although the complaint vaguely alleges that Vanreil participated in a conspiracy that led to nine NYPD officers falsely arresting plaintiff, he has not alleged any facts demonstrating that Vanreil acted in concert with the police or any other state actor to commit an unconstitutional act. Therefore, the claims against Vanreil are dismissed.

### D. Section 1983 Claims Against New York State Courts

"Federal courts do not have subject-matter jurisdiction over landlord-tenant matters," including eviction proceedings. Rosquist v. St. Marks Realty Assoc. LLC, No. 08-cv-2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008).

Although plaintiff characterizes this action as a civil rights action, the gravamen of plaintiff's claims against the Kings County Housing Court, the New York State Supreme Court of Kings County, and the Appellate Term of the New York State Supreme Court, Kings County relate to the eviction proceedings against plaintiff. Adjudicating plaintiff's claims against these defendants would involve a review of state housing court eviction proceedings and any related appeals. Such a review is beyond the subject matter jurisdiction of this Court.

Plaintiff's claims against the Kings County Housing Court, the New York State Supreme Court of Kings County, and the Appellate Term of the New York State Supreme Court, Kings County are therefore dismissed.

### E. Section 1983 Claims Against the NYPD Brooklyn Local 71st Precinct

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008). See also Johnson v. New York Police Dept., No. 12-cv-5423, 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012) (dismissing claims against the NYPD under Section 396 of the New York City Charter).

A municipality can only be held liable under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury …." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). A Monell claim requires "factual allegations that would support a plausible inference that … 'policies' or 'customs' caused … violations of … rights." Missel v. County of Monroe, 351 Fed.Appx. 543, 545 (2d Cir. 2009).

Plaintiff's claims against the NYPD Brooklyn Local 71st Precinct are dismissed because this entity is not a proper defendant. To the extent plaintiff intended to sue the City of New York for the alleged false arrest, his claims are dismissed because he has failed to allege facts showing that the alleged violation of his rights was the result of any policies or customs of the City of New York. However, as explained below, plaintiff will be given an opportunity to bring claims against proper defendants: the individual police officers who are responsible for the alleged deprivation of his constitutional rights. See Bell v. NYC, No. 18-cv-1081, 2018 WL 1054378 (E.D.N.Y. Feb. 23, 2018).

F.     **Section 1983 Claims Against the NYCTA/MTA**

Although the NYCTA/MTA is a state actor under Section 1983, Rozenfeld v. MTA Bus Co., No. 13-cv-4847, 2015 WL 1174768 (S.D.N.Y. March 16, 2015), plaintiff has provided no facts showing that the NYCTA/MTA's termination of plaintiff's employment violated plaintiff's rights. The mere allegation that the NYCTA/MTA fired plaintiff is not nearly enough to show a violation of his rights. Plaintiff's Section 1983 claims against the NYCTA/MTA are dismissed.

### G. Section 1983 Claims Against the NYSDHR

The Eleventh Amendment bars a federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). It is well established that New York has not consented to Section 1983 suits in federal court and Section 1983 was not intended to override a state's sovereign immunity. See Mamot v. Board of Regents, 367 F. App'x 191 (2d Cir. 2010). New York's sovereign immunity thus bars Section 1983 claims against the NYSDHR. Barnes v. New York State Division of Human Rights, No. 14-cv-2388, 2016 WL 110522 (S.D.N.Y. Jan. 8, 2016).

Accordingly, plaintiff's claims against the NYSDHR are dismissed.

### H. Amending the Complaint

In light of plaintiff's *pro se* status, he will be given an opportunity to file an amended complaint against Vanreil, the NYCTA/MTA, and the individual police officers who are responsible for the alleged deprivation of his constitutional rights. He is advised that this amended complaint will completely replace the original complaint and so he must set forth a short and plain statement of the facts as if there had been no prior complaint.

In his amended complaint, plaintiff must allege facts plausibly showing that Vanreil acted in concert with a state actor to commit an unconstitutional act. Merely making a false complaint to the police is not enough. See Fiske v. Letterman, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor."). "[A] private party who calls the police for assistance does not become a state actor unless the police

7

were influenced in their choice of procedure or were under thecontrol of a private party." Fiske, 401 F. Supp. 2d at 377; see also Alexis v. McDonald's Rest. of Mass., Inc., 67 F.3d 341, 345, 352 (1st Cir. 1995) (restaurant manager was not a state actor, although manager told the police officer she "would like [an unruly customer] to leave" and officer thereafter forcibly removed customer from restaurant, because there was no evidence that the officer substituted the manager's judgment for his own); Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1353 (7th Cir. 1985) (where no evidence of "concerted effort or plan" between a restaurant owner and police officer, owner was not a state actor simply because owner reported customers to officer and told officer where to find them and customers were subsequently arrested by police officer); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983) ("mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983"); Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 404 (S.D.N.Y.2004) (private party who calls for police assistance is not rendered a state actor under § 1983 even if the call caused plaintiff's detainment). Plaintiff must allege facts plausibly showing that both Vanreil and the police knew it was a false complaint.

The amended complaint must also allege facts demonstrating that the NYCTA/MTA and the individual police officers violated his constitutional or statutory rights. As to the police officer, plaintiff must either identify the individual police officers by name or, if he cannot identify them by name, designate them as Jane or John Doe and provide any identifying information available to him. If he cannot provide sufficient information to allow the Court to identify who they are, then he cannot sue them, and the case against them will be dismissed.

## CONCLUSION

The complaint is dismissed with leave to file an amended complaint no later than twenty days after the entry of this order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                   U.S.D.J.

Dated: Brooklyn, New York
       January 30, 2019