| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>:<br>HISHAM A. KAHALEEL, :<br>:<br>Plaintiff, :<br>:<br>- against - :<br>:<br>LIDGETTE VANREIL, formerly known :<br>as, LIDGETTE C. ELLIOT, et. al :<br>:<br>Defendants. :<br>-------------------------------------------------------------- X | C/M<br><br><br><br><br>**MEMORANDUM<br>DECISION AND ORDER**<br><br>19-cv-290 (BMC) (VMS) |

**COGAN**, District Judge.

Plaintiff *pro se* brought this civil rights action in connection with his alleged false arrest and related events. For the reasons stated below, this case is dismissed.

## BACKGROUND

The Court previously dismissed the complaint but granted plaintiff leave to file an amended complaint under 42 U.S.C. § 1983 against defendant Vanreil, defendant Metropolitan Transit Authority (the "MTA")/New York City Transit Authority (the "NYCTA") [1], and the individual police officers who are responsible for the alleged deprivation of plaintiff's constitutional rights. Plaintiff has filed an amended complaint, which includes the following allegations.

Vanreil allegedly conspired with her private employer to cause the MTA/NYCTA to terminate plaintiff and to evict plaintiff from an apartment Vanreil was renting to plaintiff. Vanreil complained to the New York Police Department (the "NYPD") that plaintiff was stalking and harassing her and the NYPD activated an Investigation Card ("I-Card") for plaintiff.

---

[1] The NYCTA is part of the MTA.

A police officer – identified in the amended complaint as "female African American P.O./Dawson" – called plaintiff to request that he surrender himself to be arrested, but plaintiff refused to do so.

Four days later, Vanreil, a locksmith, and another individual attempted to change the lock of the apartment Vanreil was renting to plaintiff. Plaintiff called the police and engaged in a physical confrontation with Vanreil, who pushed plaintiff away and ran into the apartment while plaintiff waited for the police in the hallway. At least seven police officers – whom the amended complaint describes but does not name – then arrived, along with emergency medical technicians who examined Vanreil.

The police officers handcuffed plaintiff and brought him to speak with a detective – identified in the amended complaint as "Detective/Broons … an African American Male" – who asked plaintiff to sign paperwork relating to charges that plaintiff assaulted Vanreil. Plaintiff refused to sign the paperwork, and he was arraigned on unspecified charges. Approximately three months after plaintiff spoke with the detective, the MTA/NYCTA terminated him.

## DISCUSSION

A.  **Standard of Review**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is "based on an indisputably

meritless legal theory" – that is, when it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

**B.     Claims Against Vanreil**

To state a claim under Section 1983, the plaintiff "must show that the alleged deprivation [of a right] was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 "does not reach purely private conduct …." District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). A plaintiff may "state a claim against a private entity on a section 1983 conspiracy theory" if the plaintiff "allege[s] facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks omitted).

However, "[c]ommunications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor." Fisk v. Letterman, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005). "Accordingly, a private party who calls the police for assistance does not become a state actor unless the police were influenced in their choice of procedure or were under the control of the private party." Id.

The amended complaint has not pleaded any facts plausibly showing that Vanreil acted in concert with a state actor to commit an unconstitutional act. Plaintiff alleges that Vanreil acted in concert with her employer, but her employer is not a state actor. To the extent plaintiff alleges that Vanreil made a false report to the police to get them to arrest plaintiff, these allegations are insufficient to hold Vanreil liable under Section 1983. Plaintiff has not alleged any facts

3

plausibly showing that Vanreil or the police knew it was a false complaint or that the police were under Vanreil's control. Therefore, the claims against Vanreil are dismissed.

### C. Claims Against the NYCTA/MTA

Although the NYCTA/MTA is a state actor under Section 1983, Rozenfeld v. MTA Bus Co., No. 13-cv-4847, 2015 WL 1174768 (S.D.N.Y. March 16, 2015), plaintiff has provided no facts showing that the NYCTA/MTA's termination of plaintiff's employment violated plaintiff's rights. As the Court explained in its prior order, the mere allegation that the NYCTA/MTA fired plaintiff is not nearly enough to show a violation of his rights. Plaintiff's Section 1983 claims against the NYCTA/MTA are dismissed.

### D. Claims Against the Individual Police Officers

The "existence of probable cause to arrest … is a complete defense to an action for false arrest ... under § 1983." Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999) (internal quotation mark omitted). "There is probable cause when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993) (internal quotation mark omitted).

The "arresting officers do not need to independently determine that probable cause exists as long as the officer ordering the arrest possesses sufficient probable cause to direct it." Rao v. City of New York, No. 14-cv-7422, 2018 WL 1582289, at *6 (E.D.N.Y. March 29, 2018). When determining probable cause for arrest, police officers may rely on an I-Card, which "is a device detectives use to notify patrol officers that a person is wanted for questioning either as a witness or suspect." Id. at *2 n.3.

The claims against the individual police officers are dismissed. The police activated an I-Card against plaintiff in light of Vanreil's reports that he was stalking and harassing her. After plaintiff refused to turn himself into the police, they arrived at the apartment he was renting from Vanreil after plaintiff – who apparently thought the police would assist him in his dispute with Vanreil – called the police. Plaintiff concedes that he and Vanreil had a physical confrontation, and the confrontation was sufficiently serious that emergency medical technicians arrived to examine Vanreil. Plaintiff was subsequently arraigned, potentially on charges for assaulting Vanreil. These circumstances establish that the police officers had probable cause to arrest plaintiff, and therefore have a complete defense to plaintiff's Section 1983 claims.

## **CONCLUSION**

Plaintiff's amended complaint is dismissed and the Clerk shall enter judgment. The Court has considered whether to grant plaintiff additional leave to amend but, for the reasons above, denies additional leave to amend as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      March 14, 2019